IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY W. WITZ, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

1.  Plaintiff Jeffrey W. Witz brings this action to secure redress for the conduct of Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes") in allocating excess payments under federal student loans it services in a manner contrary to that described on its web site. Plaintiff alleges that Defendant engaged in unfair and deceptive acts and practices, negligent misrepresentation, and fraud.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over all claims in this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because this lawsuit has been brought as a class action on behalf of proposed classes, each in excess of 100 members; the aggregate claims of the Class members exceed $5 million exclusive of interest and costs; and one or more of the members of each Class is a citizen of a different state than one or more Defendants.

3.  This Court has personal jurisdiction over Defendant because it does business here and also because a substantial part of the events or omissions giving rise to the unlawful conduct alleged in this Complaint occurred in this District.

4.  Venue is proper in this District pursuant to 28 U.S.C. §139l(b) because a

substantial part of the events or omissions giving rise to the unlawful conduct alleged in this Complaint occurred in this District.

## PARTIES

5. Plaintiff Jeffrey W. Witz is a citizen of Illinois and a resident of Chicago, Illinois.

6. Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes") is a corporation chartered under Wisconsin law with principal offices at 2401 International Ln., Madison, WI 53704. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle, Suite 814, Chicago, IL 60604.

7. Great Lakes has contracts with the United States Department of Education providing that Great Lakes will service federal student loans assigned to it for servicing by the United States Department of Education. (Exhibits A-B) The contract was awarded in 2009 (Exhibit A) and supplemented in 2014 (Exhibit B).

8. Great Lakes is a subsidiary of another United States Department of Education servicer, Nelnet, Inc. Nelnet, Inc., acquired Great Lakes on February 7, 2018.

9. Great Lakes services loans of about 10 million borrowers. Many of these are federal student loan borrowers whose loans are under income based repayment plans.

10. Great Lakes is one of the four largest companies which service federal student loans, the others being (a) the non-Great Lakes portion of Nelnet, (b) Navient, and (c) the Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing.

11. Loan servicers who contract with the Department of Education perform all tasks associated with loan repayment, such as collecting payments, responding to customer service inquiries, providing loan documents to borrowers, handling applications for loan deferment or forbearance based on financial hardship, and administering repayment programs designed to help borrowers effectively manage the increasing cost of higher education. This includes the various Income-Driven Repayment Plans ("IDR plans") offered by the federal government, which provide borrowers affordable monthly payments based on their income, occupation, and family

size. Borrowers enrolled in IDR plans can also apply to have their federal loans forgiven after a certain number of qualifying payments.

## FACTS

12. In May 2018, Plaintiff had five federal student loans served by Great Lakes (loans "721," "722," "723," "724" and "726").

13. Plaintiff has an income based repayment plan.

14. All of the loans are current.

15. The monthly payments equal or exceed the current interest on the loans.

16. In an effort to pay the loans off as quickly as possible and minimize the amount of interest he pays, Plaintiff started making payments in excess of the minimum required in about May 2018.

17. Plaintiff's minimum required monthly payment is $393.41.

18. Plaintiff has been sending in payments of $1,000, paying about $606.59 extra each month. (See Exhibit C)

19. Great Lakes represents as follows on its web site with respect to the allocation of excess payments:

> **How Payments Are Applied**
>
> **Did you know there are rules in your student loan agreement that all servicers are required to follow when applying payments to your loan? The rules require that outstanding interest and late fees (if applicable\*) must be paid first, prior to a payment being applied to the loan principal.**
>
> **However, when it comes to excess payments you have more flexibility. We automatically apply excess to:**
>
> **1. Accrued interest since your last payment.**
> **2. Principal of the loan with the highest interest rate.**
>
> **Note: If you're in school, grace, or deferment, after outstanding interest for all loans has been paid it will be applied to the unsubsidized loan with the highest interest rate.**
>
> **If you prefer the excess to be applied to a different loan or loans within the account, define your Excess Payment Preference. This can be done for just one excess**

>    **payment or for all future excess payments. . . .**

(https://mygreatlakes.org/educate/knowledge-center/how-payments-are-applied.html)

20.    The Great Lakes website is intended for use by its student loan borrowers to learn about its policies and practices in servicing loans.

21.    Plaintiff relied upon the statements on the website in making additional payments on his loans.

22.    Contrary to the quoted representations, Great Lakes does not apply excess payments to accrued interest since the last payment.

23.    Between May 2018 and June 2019, Great Lakes applied about $400 of each $1,000 payment to interest and $600 to principal.

24.    Great Lakes applied Plaintiff's entire July 2019 payment of $1,000 to interest accumulation, with nothing towards principal. (Exhibit C)

25.    Plaintiff inquired why. Great Lakes told Plaintiff that because he just paid off one loan ("721") and was applying excess payments to another loan ("723"), he had to pay off 100% of the interest on 723 before anything would be applied to principal.

26.    This is not consistent with the representations on Great Lakes' website, quoted above, which states that any excess payment is applied first to interest accumulation since the last payment and then to principal.

27.    34 C.F.R. §682.215 deals with an "income based repayment plan." Section 682.215(c), "payment application and prepayment," states (§682.215(c)(2)) that "The borrower may prepay the whole or any part of a loan at any time without penalty." Section 682.215(c)(3) states that "If the prepayment amount equals or exceeds a monthly payment amount of $10,000 or more under the repayment schedule established for the loan, the loan holder shall apply the prepayment consistent with the requirements of 682.909(b)(2)(ii)."

28.    Section 682.909(b)(2)(ii) provides:

(ii) If the prepayment amount equals or exceeds the monthly payment amount under the repayment schedule established for the loan, the lender shall apply the prepayment to future installments by advancing the next payment due date, ***unless the borrower requests otherwise.*** The lender must either inform the borrower in advance using a prominent statement in the borrower's coupon book or billing statement that any additional full payment amounts submitted without instructions to the lender as to their handling will be applied to future scheduled payments with the borrower's next scheduled payment due date advanced consistent with the number of additional payments received, or provide a notification to the borrower after the payments are received informing the borrower that the payments have been so applied and the date of the borrower's next scheduled payment due date. Information related to next scheduled payment due date need not be provided to borrowers making such prepayments while in an in-school, grace, deferment, or forbearance period when payments are not due.

29. When Great Lakes posts a statement on its website that "We automatically apply excess [payments] to: 1. Accrued interest since your last payment. 2. Principal of the loan with the highest interest rate," and the borrower accepts the invitation by submitting excess payments, the borrower has "requested" that allocation of payments, and Great Lakes is obligated to so apply the payments.

30. The effect of Great Lakes' conduct is to misappropriate Plaintiff's excess payments, fail to lower the principal balance, and impose interest charges on the higher principal.

## **DEFENDANT'S PRACTICES**

31. On information and belief, Great Lakes deals with all prepayments by borrowers under income-based repayment plans in the same manner complained of herein.

32. There is no reason to believe that Plaintiff has been singled out for uniquely improper treatment by Great Lakes.

## **COUNT I – ILLINOIS CONSUMER FRAUD ACT**

33. Plaintiff incorporates paragraphs 1-32.

34. Great Lakes engaged in deceptive and unfair practices, in violation of 815 ILCS 505/2, by inducing prepayments through representations on its website which do not in fact describe what it does with the money that is prepaid.

35. 815 ILCS 505/2 provides:

> Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

36. Plaintiff and every other person that prepaid suffered damage as a result.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. The class consists of (a) all individuals (b) with federal student loans (c) enrolled in income based repayment plans (d) with addresses in Illinois (e) who made an excess payment on their loan (e) that was not applied to (i) accrued interest since the borrower's last payment, and (ii) principal of the loan with the highest interest rate (f) where the loan is outstanding at present or has been outstanding within three years prior to the filing of this action.

39. The class excludes Defendant and any entity in which Defendant has a controlling interest, and their officers, directors, legal representatives, successors and assigns. Also excluded from the class is the Judge presiding over this action, his or her law clerks, spouse, any other person within the third degree of relationship living in the Judge's household, the spouse of such person, and the United States Government.

40. On information and belief, based on the number of loans serviced by Great Lakes and the existence of standard practices, the class is so numerous that joinder of all members is not practicable.

41. The class can be readily ascertained through the records maintained by Defendant.

42. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether Defendant applies excess payments as specified on its website;

    b.    Whether Defendant's practices regarding the application of excess payments are unfair or deceptive.

43.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

45.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    Actual damages;

    ii.    Punitive damages;

    iii.    Appropriate injunctive relief;

    iv.    Attorney's fees, litigation expenses and costs of suit;

    v.    Such other and further relief as the Court deems proper.

## COUNT II – NEGLIGENT MISREPRESENTATION

46.    Plaintiff incorporates paragraphs 1-32.

47.    Great Lakes is obligated to provide information to borrowers under its servicing contracts with the Department of Education.

48.    Great Lakes negligently provided information about prepayments that was inconsistent with the manner in which it allocated prepayments.

49. Plaintiff and every other person that prepaid suffered damage as a result.

## CLASS ALLEGATIONS

50. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

51. The class consists of (a) all individuals (b) with federal student loans (c) enrolled in income based repayment plans (d) with addresses anywhere in the United States (e) who made an excess payment on their loan (e) that was not applied to (i) accrued interest since the borrower's last payment, and (ii) principal of the loan with the highest interest rate (f) where the loan is outstanding at present or has been outstanding within 5 years prior to the filing of this action.

52. The class excludes Defendant and any entity in which Defendant has a controlling interest, and their officers, directors, legal representatives, successors and assigns. Also excluded from the class is the Judge presiding over this action, his or her law clerks, spouse, any other person within the third degree of relationship living in the Judge's household, the spouse of such person, and the United States Government.

53. On information and belief, based on the number of loans serviced by Great Lakes and the existence of standard practices, the class is so numerous that joinder of all members is not practicable.

54. The class can be readily ascertained through the records maintained by Defendant.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant applies excess payments as specified on its website;

    b. Whether defendant negligently misrepresented the manner in which it applied excess payments.

56. Plaintiff's claim is typical of the claims of the class members. All are based on

the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

58. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against defendants for:

    i. Actual damages;

    ii. Costs of suit;

    iii. Such other and further relief as the Court deems proper.

### COUNT III – FRAUD

59. Plaintiff incorporates paragraphs 1-32.

60. Great Lakes knowingly provided information about prepayments that was inconsistent with the manner in which it allocated prepayments.

61. Great Lakes thereby committed fraud.

62. Plaintiff and every other person that prepaid suffered damage as a result.

### CLASS ALLEGATIONS

63. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

64. The class consists of (a) all individuals (b) with federal student loans (c) enrolled in income based repayment plans (d) with addresses anywhere in the United States (e) who made an excess payment on their loan (e) that was not applied to (i) accrued interest since the borrower's last payment, and (ii) principal of the loan with the highest interest rate (f) where the loan is outstanding at present or has been outstanding within 5 years prior to the filing of this

action.

65. The class excludes Defendant and any entity in which Defendant has a controlling interest, and their officers, directors, legal representatives, successors and assigns. Also excluded from the class is the Judge presiding over this action, his or her law clerks, spouse, any other person within the third degree of relationship living in the Judge's household, the spouse of such person, and the United States Government.

66. On information and belief, based on the number of loans serviced by Great Lakes and the existence of standard practices, the class is so numerous that joinder of all members is not practicable.

67. The class can be readily ascertained through the records maintained by Defendant.

68. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant applies excess payments as specified on its website;

    b. Whether Defendant fraudulently misrepresented the manner in which it applied excess payments.

69. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

71. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.     Actual damages;

     ii.     Punitive damages;

    iii.     Costs of suit;

    iv.     Such other and further relief as the Court deems proper.


    /s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Cassandra P. Miller (ARDC 6290238)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

      /s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Cassandra P. Miller (ARDC 6290238)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com